**MATTHEWS et ux. v. TRI–STATE TRANSIT CO., Inc.**

**No. 4295.**

Court of Appeal of Louisiana. Second Circuit, Second Division.

June 11, 1932.

Wilkinson, Lewis & Wilkinson and E. S. Klein, all of Shreveport, for appellant.

John G. Gibbs, of Shreveport, for appellees.

CULPEPPER, J.

Plaintiffs, husband and wife, brought this joint action to recover for alleged personal injuries and loss of time on part of the wife, and for loss of time and expenses incurred on the part of the husband, all growing out of and resulting from an accident to defendant company's passenger bus on which plaintiffs were traveling at the time. The amount claimed by Mrs. Matthews, the wife, is $4,000 for personal injuries and $600 for loss of time. That claimed by Ed Matthews, the husband, $22 expenses incurred for himself and wife from scene of accident to their destination, $36 doctor's bills for his wife, and $200 for loss of time by him.

There was judgment in favor of Mrs. Matthews for $200, and in favor of Ed Matthews for $10, with legal interest from judicial demand. A nonsuit was entered as to the demands for medical services. During the trial the demands for loss of time were voluntarily abandoned by plaintiffs; hence these demands passed out of the case.

Defendant appealed, and plaintiffs have answered the appeal asking that the awards be increased.

Plaintiffs alleged that defendant is a public service corporation engaged in transporting passengers in interstate and intrastate, organized in Louisiana and domiciled in Caddo parish. The answer admits its corporate existence alleged, but denies generally and by paragraph all the other allegations of the petition. The testimony shows that defendant was at the time of the accident, July 11, 1931, and still is, engaged in the operation of motorbuses in which passengers are carried for hire over the public highways, and particularly between Shreveport, La., and Longview, Tex. It is also shown that plaintiffs, at the time of the accident, were passengers for hire on one of defendant's buses, en route from Longview to Shreveport. It was admitted by defendant, and in fact it is apparently conceded, that in so far as the issues here involved are concerned, defendant was at the time, and still is, a common carrier of passengers for hire and that its duties and obligations towards its passengers and its liability for such injuries as may happen to them while being transported are the same as those pertaining to carriers of passengers for hire generally.

On the afternoon of July 11, 1931, Ed Matthews and his wife took passage on defendant's bus at Longview en route to Shreveport. At a point several miles west of Marshall, Tex., for some cause not explained in the record, the bus driver lost control of the bus, struck a concrete butment of a bridge, proceeded a few feet further and struck the railing, then swerved and ran into the roadside ditch just past the bridge.

Mrs. Matthews received some minor injuries as a result of the jar and sudden stopping of the bus. Due to the damaged condition of the bus rendering it unable to proceed under its own power, plaintiffs caught a ride in a passing automobile to Marshall where they stopped. Upon arrival there Mr.

Matthews noticed his wife appeared pale and unnerved. They went to the home of a brother of Mrs. Matthews there in Marshall and Dr. Eaves was called, it seems by her brother. Dr. Eaves, who was summoned by defendant as a witness, testified that when he reached Mrs. Matthews she was in bed; that she was very nervous and said she could not open her mouth; that he asked for a spoon with which he looked at her teeth, then asked her to open her mouth. She said she could not, and he insisted that she could and told her to open her mouth; then she did so. He says he prescribed Elixir Bromide, a nerve sedative, for her nervous condition, told her she would be all right, but that if she did not to let him know and he would have an X-ray picture made. He says she complained of her jaw and that he examined it but found it was neither fractured nor dislocated; that this was, he thinks, all she complained of at the time; that he did not think she was hurt except that she was nervous and he thought she would get along all right without further medical attention.

Both Mr. and Mrs. Matthews, either that night or the next day, secured private conveyance at a cost of $10, from Marshall to Shreveport, where a short time thereafter (the exact time is not shown) Dr. Gill, of Shreveport, was called. Dr. Gill, summoned by defendant, testified that he was called to see Mrs. Matthews about the 13th of July, which was the second day after the accident, and found her in bed; that she had some soreness around the angle of the jaw and up in around the maxilla, a few bruises down around the hip, especially the left side, in the lower part of the abdomen; and that she complained that her left ear was hurting. He states that outside of general bruises that was all he remembered that he found. He states he examined her ear with a speculum, but could not detect anything wrong with it; that he could detect nothing wrong with the jaw other than some soreness; there was no swelling; that he considered the injuries of a minor nature; that the only thing he prescribed was some capsules for pain and nervousness, and rest in bed. He states she was quite nervous but not any more so than a lady would be after an accident. He saw her only twice.

Some few days thereafter Mr. and Mrs. Matthews moved to Jonesboro, where Mr. Matthews says Dr. Simonton of that place saw Mrs. Matthews four or five times. Dr. Simonton did not appear to testify, and it appears that plaintiffs made no effort to obtain his testimony.

Some time shortly before the trial, defendant, having secured plaintiffs' consent, had Dr. Fleming of Shreveport to examine Mrs. Matthews. Dr. Fleming, testifying for defendant, states that he found no objective symptoms of previous injury, no evidence of any fractured or dislocated jaw, no evidence of injury to head or ear; that she had several teeth missing which he attributed to pyorrhea which he found evidences that she had had; that her nervous condition was that of about the average for a lady. Says she complained of tenderness on deep pressure at lower border of rib on left side, but no soreness of jaw except what she said she had.

Mr. Matthews testified that Mrs. Matthews had lost nine pounds in weight, which they attribute to the accident. The testimony of the doctors on that point is to the effect that it is hardly probable that the accident had anything to do with the loss of weight.

Mrs. Matthews, it was shown, was apparently well and normal in every way at the time of the trial.

The trial judge, who heard the witnesses testify, observed Mrs. Matthews, and was no doubt in position to judge her condition and the character of the testimony, granted Mrs. Matthews an award of $200. We think the judgment does substantial justice to all parties, including the award of $10 which was to compensate him for expenses of private transportation from Marshall to Shreveport, the point to which he paid defendant for bus fare.

The judgment is therefore affirmed.